ELIJAH PARKER-BEY, IDOC # A66267,   )
                                     )
           Plaintiff,                )
                                     )
vs.                                  )   CIVIL NO. 11-132-GPM
                                     )
GLADYSE TAYLOR, et al.,              )
                                     )
           Defendants.               )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Elijah Parker-Bey, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of three years' imprisonment at the Pinckneyville Correctional Center for delivery of cannabis, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. Parker-Bey's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In Parker-Bey's pro se complaint, Parker-Bey complains of three disciplinary sentences that were imposed on him while he was incarcerated at the Centralia Correctional Center ("Centralia"). It appears from the complaint and the documentation submitted in support thereof that on August 5, 2010, Parker-Bey was issued three disciplinary tickets, Ticket No. 201004394/1-CEN, Ticket No. 201004392/1-CEN, and Ticket No. 201004368/1-CEN. Ticket No. 201004392/1-CEN and Ticket No. 201004368/1-CEN were issued to Parker-Bey for the offense of insolence. Ticket No. 201004394/1-CEN was issued to Parker-Bey for the offenses of intimidation or threats, insolence, and disobeying a direct order. On August 17, 2010, after hearings on the three disciplinary tickets, an adjustment committee at Centralia found Parker-Bey guilty of all of the charges against him. On Ticket No. 201004392/1-CEN and Ticket No. 201004368/1-CEN, the adjustment committee recommended that Parker-Bey be sentenced to one month's disciplinary segregation and one month's reduction to disciplinary grade C on each ticket.

On Ticket No. 201004394/1-CEN the adjustment committee recommended that Parker-Bey be sentenced to three months' disciplinary segregation, three months' reduction to disciplinary grade C, three months' loss of good-time credit, and disciplinary transfer. The sentences recommended by the adjustment committee on Ticket No. 201004394/1-CEN, Ticket No. 201004392/1-CEN, and Ticket No. 201004368/1-CEN were approved by the warden of Centralia on August 17, 2010. In his complaint Parker-Bey challenges his disciplinary sentences as violative of his rights under the Fourteenth Amendment. It appears from the record that the IDOC's administrative review board later expunged Ticket No. 201004368/1-CEN, and Parker complains that he was not released from segregation on his sentence for that ticket until a month after the ticket was expunged. Parker-Bey claims also that IDOC is wrongfully denying him meritorious good-time credit, in violation of the Eighth Amendment and the Fourteenth Amendment. Named as Defendants in Parker-Bey's complaint are: Gladyse Taylor, the acting director of the IDOC; Sarah Johnson, the chair of the IDOC's office of inmate affairs; Robert Bradley, the warden of Centralia; Terry L. Chapman, Stacey Gardner, R. Albers, and D. Kote, all of whom are alleged by Parker-Bey to be correctional officers at Centralia (it appears that Chapman and Gardner were members of the adjustment committee that recommended the disciplinary sentences at issue in this case); and Guy C. Pierce, the warden of the Pontiac Correctional Center, where Parker was transferred in connection with his sentence on Ticket No. 201004394/1-CEN. Parker seeks $500,000 in actual damages and $500,000 in punitive damages in connection with his claims concerning the disciplinary sentences imposed on him at Centralia. In connection with his claim for meritorious good-time credit, Parker seeks certification of a class of similarly-situated IDOC prisoners and classwide damages of $55,000,000.

With respect to Parker-Bey's constitutional challenge to the disciplinary sentences he received on Ticket No. 201004394/1-CEN and Ticket No. 201004392/1-CEN, this case presents a straightforward collateral attack on those sentences in the form of an action for damages under 42 U.S.C. § 1983. The disposition of Parker-Bey's Section 1983 claims on those sentences is equally straightforward: the Court cannot entertain a prisoner's collateral attack in the form of a damages suit under Section 1983 on prison disciplinary sentences that have not been invalidated. In general, a plaintiff convicted or sentenced for an offense may not bring an action for damages under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule of *Heck v. Humphrey* "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Until a conviction or sentence has been invalidated, a claim for damages simply "does not accrue[.]" *Heck*, 512 U.S. at 490. The *Heck* rule extends to civil rights claims arising out of prison disciplinary hearings, if those claims necessarily call into question the validity of sentences imposed by prison authorities for infractions of prison discipline. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court held that a prisoner's challenge to the procedures employed in a prison disciplinary hearing is not cognizable under Section 1983 if "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. Thus, a prisoner's claim for damages "based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed . . . is not cognizable under § 1983." *Id*. at 648. *See also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (in a suit arising out of a disciplinary ticket issued to a state

prisoner, noting that *Heck* compels "resort to state litigation and federal habeas before § 1983" in cases where "a prisoner's [legal] challenge . . . threatens . . . consequence for his conviction or the duration of his sentence.").

The United States Court of Appeals for the Seventh Circuit has held that, "when a prisoner seeks damages under federal civil rights law for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus." *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486). *See also Dixon v. Chrans*, 101 F.3d 1228, 1230-31 (7th Cir. 1996) (a claim for damages that necessarily questions the validity of a sentence imposed by a prison disciplinary committee is barred by *Heck*); *Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996) (a prisoner's claim against prison officials under 42 U.S.C. § 1983 for alleged violations of the prisoner's procedural due process rights when placing the prisoner in segregation was *Heck*-barred). The *Heck* bar "concern[s] the allocation between collateral review and damages actions as a matter of federal law" and, thus, has "no application when collateral review is unavailable – either because the plaintiff's custody has expired or because he was never 'in custody' as a result of the defendants' contested actions." *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). The limitation on a damages remedy for convictions and sentences enunciated in *Heck* and its progeny is not jurisdictional. *See Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999) (citing *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). Nonetheless, a district court is authorized to dismiss a *Heck*-barred case sua sponte. *See Knowlin v. Thompson*, 207 F.3d 907, 908-09 (7th Cir. 2000) (affirming a district court's sua sponte dismissal of a Section 1983

case as barred by *Heck*); *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 130-31 & n* (7th Cir. 1996) (acknowledging a district court's power to dismiss a case sua sponte as being barred by *Heck*, but not reaching the issue of whether the case before the reviewing court was *Heck*-barred because the case was barred by res judicata); *Handy v. Johnson*, No. 96 C 3341, 1999 WL 417381, at *4 (N.D. Ill. June 15, 1999) (recognizing the court's authority to raise the issue of *Heck* sua sponte but declining to do so in light of the "late stage of the proceedings" before the court). Because the disciplinary sentences Parker-Bey received in connection with Ticket No. 201004394/1-CEN and Ticket No. 201004392/1-CEN have not been invalidated, Parker-Bey may not maintain an action for damages under Section 1983 in connection with those sentences. Parker-Bey's only federal remedy for the allegedly improper disciplinary sentences at issue is a petition for a writ of habeas corpus. In *Heck* the Court explained,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . [pursuant to] 28 U.S.C. § 2254.

512 U.S. at 486-87. *See also Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (the exclusive federal remedy for a state prisoner's challenge to the fact or duration of his or her confinement is habeas corpus).[1]

---

1. This does not mean, of course, that this Court is authorized to construe Parker-Bey's complaint under 42 U.S.C. § 1983 as a petition brought under 28 U.S.C. § 2254. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (citing *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997),

With respect to the disciplinary sentence imposed on Parker-Bey in connection with Ticket No. 201004368/1-CEN, that ticket, as noted, was expunged, and therefore Parker-Bey's damages claim under 42 U.S.C. § 1983 in connection with that sentence is not *Heck*-barred. Nevertheless, the Court finds that Parker-Bey has failed to state a claim for a violation of his constitutional rights in connection with the expunged disciplinary ticket. The Fourteenth Amendment provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. To prevail on a claim of a violation of the right to due process, a prisoner must show that he or she possesses a protected liberty or property interest and has been deprived of that interest without due process. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Westefer v. Snyder*, 422 F.3d 570, 585-86 (7th Cir. 2005). As noted, Parker-Bey's disciplinary sentence for the expunged ticket was one month in disciplinary segregation together with a one-month reduction to disciplinary grade C. As a rule, a prisoner has no protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions . . . constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Seventh Circuit Court of Appeals has noted that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of less than six months generally do not implicate due process. *Marion v.*

---

and *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996)). Instead, the civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.

*Columbia Corr. Inst.*, 559 F.3d 693, 697 & n.2 (7th Cir. 2009) (collecting cases). *See also Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (ninety days in disciplinary segregation did not violate due process); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (sixty days in disciplinary segregation did not violate due process); *Thomas*, 130 F.3d at 760-62 (seventy days in disciplinary segregation did not violate due process); *Terrell v. Godinez*, 966 F. Supp. 679, 683 (N.D. Ill. 1997) (sixty days in disciplinary segregation did not violate due process). Moreover, in the Seventh Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than conditions of confinement in administrative segregation at the most secure prison in that state. *See Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Here Parker-Bey was sentenced to one month in disciplinary segregation on the expunged ticket, and nothing in Parker-Bey's complaint suggests that conditions in segregation during his one-month sentence for Ticket No. 201004368/1-CEN imposed atypical and significant hardship on Parker-Bey in relation to the ordinary incidents of prison life. Additionally, Parker-Bey's one-month demotion to C-grade did not implicate a due process liberty interest. *See Thomas*, 130 F.3d at 762 n.8 ("Thomas does not have a protectible liberty interest in his demotion to C-grade status[.]"); *Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995) ("Whitford's demotion to C grade for six months did not implicate his federal due process rights."); *Johnson v. Rousey*, Civil No. 10-652-GPM, 2011 WL 703697, at *3 (S.D. Ill. Feb. 20, 2011) ("[D]emotion to C-grade do[es] not implicate a due process liberty interest."). Parker-Bey has failed to state a claim for a violation of his constitutional rights in connection with his disciplinary sentence for Ticket No. 201004368/1-CEN.

The Court turns finally to Parker-Bey's claim that he is wrongly being denied meritorious good-time credit by the IDOC. Under Illinois law, a prisoner, depending on the nature of his or her underlying sentence, is eligible for day-for-day good-time credit pursuant to 730 ILCS 5/3-6-3, which provides, in relevant part, that "a prisoner who is serving a term of imprisonment shall receive one day of good conduct credit for each day of his or her sentence of imprisonment . . . . Each day of good conduct credit shall reduce by one day the prisoner's period of imprisonment[.]" 730 ILCS 5/3-6-3(a)(2.1). Also, prisoners at most IDOC facilities can receive meritorious good-time credit under Section 3-6-3, which states, in relevant part, that "[t]he rules and regulations shall also provide that the Director [of the IDOC] may award up to 180 days additional good conduct credit for meritorious service in specific instances as the Director deems proper[.]" 730 ILCS 5/3-6-3(a)(3). It is well settled that, "if the government creates a right to good-time credits – that is, a firm expectation that if the prisoner complies with specified conditions he will automatically earn the credits and be released earlier – a deprivation of that right is a deprivation of liberty." *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983) (citing *Hewitt v. Helms*, 459 U.S. 460, 470-72 (1983)). In view of the mandatory language of Section 3-6-3 regarding day-for-day good-time credit, IDOC prisoners generally are recognized by courts as having a due process liberty interest in day-for-day good-time credit that is protected by the Fourteenth Amendment. *See, e.g., Carter v. Rednour*, No. 3:07-cv-0550-JPG-PMF, 2010 WL 3835775, at *4 (S.D. Ill. July 23, 2010); *Lucas v. Bartley*, No. 05-cv-765-DRH, 2008 WL 6971633, at *2 (S.D. Ill. Oct. 27, 2008). By contrast, "given the entirely discretionary nature of meritorious good time allowances, a prisoner has no automatic entitlement to such credit" and, correspondingly, courts typically have found that Illinois law does not give IDOC prisoners a due process liberty interest in meritorious good-time credit. *Ivy v. Reed*,

No. 84 C 6504, 1985 WL 1804, at *2 (N.D. Ill. June 7, 1985). *See also United States ex rel. Smith v. Chrans*, No. 86 C 4137, 1986 WL 7350, at *1 (N.D. Ill June 23, 1986) ("[T]he loss of opportunity to earn meritorious good-time credits does not implicate any constitutionally protected right."); *Watts v. Morgan*, 572 F. Supp. 1385, 1390 (N.D. Ill. 1983) (IDOC prisoners do not have a protected due process liberty interest in earning meritorious good-time credit by working in prison industries). Still more to the point, Parker-Bey's claim for meritorious good-time credit in this case is *Heck*-barred. The *Heck* bar extends to claims under 42 U.S.C. § 1983 that "necessarily imply the invalidity of the deprivation of [a prisoner's] good-time credits." *Edwards*, 520 U.S. at 646. Habeas corpus is the proper legal route by which to challenge a deprivation of meritorious good-time credit, because "good-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citing *Preiser*, 411 U.S. at 490). Thus, a prisoner must seek a remedy for an allegedly wrongful denial of meritorious good-time credit by prison officials not through an action for damages but through an application for a writ of habeas corpus. *See Hanson v. Heckel*, 791 F.2d 93, 96-97 (7th Cir. 1986) (an IDOC prisoner's allegation in a Section 1983 complaint that he was denied meritorious good-time credit was in essence a petition for a writ of habeas corpus, requiring the prisoner to exhaust his state-court remedies before seeking habeas relief in federal court, even though the prisoner sought monetary and declaratory relief but not a speedier release from custody); *Rooding v. Peters*, 173 F.R.D. 511, 514-16 (N.D. Ill. 1997) (finding that Section 1983 claims for meritorious good-time credit on behalf of a proposed class of IDOC prisoners were *Heck*-barred). Parker-Bey's Section 1983 claim for meritorious good-time credit must be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Parker-Bey's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Parker-Bey is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 5, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge